THE STATE OF MISSISSIPPI *vs.* COMMERCIAL AND RAILROAD BANK OF VICKSBURG.

The act of the legislature of 1843, (Hutch. Code, 330, § 5,) which provides for the forfeiture of franchises of banking, was not intended to apply to the " Commercial and Railroad Bank of Vicksburg so as to affect the railroad franchise."

It not being dissolved by the injunction, the court is only authorized, when, by a judgment, the corporation is dissolved, to appoint a trustee.

ON appeal from the circuit court of Warren county ; Hon. George Coalter, judge.

The facts are contained in the opinion of the court.

*D. C. Glenn*, attorney-general, for the State.

*Geo. Yerger*, for the defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

On the 4th of May, 1849, a judgment of forfeiture as to the franchise of banking, was pronounced by the circuit court of Warren county against the Commercial and Railroad Bank of Vicksburg. Upon rendering this judgment, the district attorney moved the court to appoint a trustee to take charge of the books and assets of said bank, which was overruled by the court, and judgment rendered, permitting the company to retain the property of the said corporation. This judgment, the attorney-general insists, is erroneous.

The fifth section of the act of 1843, Hutch. Code, 330, is in these words : " The provisions of this act shall not extend to the funds which legitimately belong to the State of Mississippi, or to the Commercial and Railroad Bank of Vicksburg, or to the West Feliciana Railroad and Banking Company, so as to affect the railroads and their operations." Under this section of the law it is clear, that the judgment of forfeiture as to the banking privilege was not to dissolve the entire corporation. It was thereafter to exist, and the railroad the only franchise to be enjoyed. The corporation was not dissolved by the judgment. It is only when by the judgment that the corporation is dissolved, the court can appoint a trustee.

Judgment of the court below affirmed.

YERGER, judge, being interested in the result of this suit, took no part in its decision.